RON BENDER (SBN 143364); rb@lnbyb.com
MONICA Y. KIM (SBN 180139); myk@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Proposed Attorneys for David K. Gottlieb, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DUANE DANIEL MARTIN AND TISHA MICHELLE MARTIN,<br><br>      Debtors.<br><br>―――――――――――――――<br><br>XE VISIONS, INC., AND DAVID K. GOTTLIEB IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF DUANE DANIEL MARTIN AND TISHA MICHELLE MARTIN,<br><br>      Plaintiff,<br><br>v.<br><br>DUANE DANIEL MARTIN, TISHA MICHELLE MARTIN, WON HUNDRED, INC., AND DOE 1 THROUGH DOE 10, INCLUSIVE,<br><br>      Defendants. | Case No. 1:16-10045-VK<br><br>Chapter 7<br><br>Adv. No. 1:16-ap-01050-VK<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>   **(A) DECLARATORY RELIEF;**<br><br>   **(B) PERMANENT INJUNCTION; AND**<br><br>   **(C) DAMAGES**<br><br>Status Conference<br>Date: June 8, 2016<br>Time: 1:30 p.m.<br>Ctrm: 301<br>     21041 Burbank Blvd.<br>     Woodland Hills, CA 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiffs XE Visions, Inc. ("XE") and David K. Gottlieb, Chapter 7 Trustee ("Trustee" and with XE, collectively, the "Plaintiff") for the bankruptcy estate of Duane Daniel Martin and Tisha Michelle Martin ("Debtors"), avers and complains, by way of this First Amended Complaint, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 105 and 727 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES

4. Plaintiff, XE, is a corporation incorporated under the laws of the State of Louisiana, doing business and maintaining business offices and employees in California, and which was owned solely by one or both of the Debtors prior to the filing of their chapter 7 bankruptcy case.

5. Plaintiff, the Trustee, is the duly appointed Chapter 7 trustee of the bankruptcy estate of the Debtors. By an order of the Bankruptcy Court, the Bankruptcy Court authorized the Trustee to operate the business of XE. As the sole shareholder of XE, the Trustee has adopted resolutions appointing the Trustee as the sole director of XE's Board of Directors, and the President of XE. In his capacity as the sole director of XE's Board of Directors and as the

Case 1:16-ap-01050-VK    Doc 14    Filed 04/08/16    Entered 04/08/16 15:53:43    Desc
                        Main Document      Page 3 of 9

President of XE, the Trustee has ratified the filing of this First Amended Complaint by XE against all of the Defendants herein.

6. Defendants Duane Daniel Martin ("Duane") and Tisha Michelle Martin ("Tisha") are the Debtors herein, and currently reside in the State of California, at 22401 Summitridge Circle, Chatsworth, CA 91311.

7. Plaintiff is informed and believes, and based thereon, alleges, that Defendant Won Hundred, Inc. ("Won Hundred") maintains a corporate address at 9909 Topanga Canyon Blvd., Suite 234, Chatsworth, CA 91311. Tisha is the sole shareholder and director of Won Hundred.

8. Plaintiff does not know the true names and capacities of those Defendants sued herein as Doe 1 through Doe 10, inclusive, and therefore sue those Defendants by such fictitious names. Plaintiff will further amend this Complaint to show the true names and capacities when the same has been ascertained. Plaintiff is informed and believes and based thereon alleges that each of said Defendants is responsible in some way for the acts and events concerning which Plaintiff herein complains.

**GENERAL ALLEGATIONS**

9. On January 7, 2016 ("Petition Date"), the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

10. Plaintiff was duly appointed to serve as the Chapter 7 trustee of the Debtors' estate.

11. Duane is a television and movie actor. Tisha is a television actress and singer.

12. The Debtors' schedules of assets and liabilities ("Schedules") filed under penalty of perjury shows that they have, or previously had, interests in many businesses and business ventures. Among the Debtors' assets include their interests in XE Visions, Inc. ("Business" or "XE"). In particular, the Debtors own 100% of the Business.

13. Briefly, the Business is a production and loan-out company wholly owned by

3

Debtors. As a production company, XE produces music, music videos, and "behind-the-scenes" videos based on performances by debtor, Tisha. As a loan-out company, XE contracts with studios regarding performances by Tisha, and receives payments in consideration for such performances. In addition to the intellectual property assets associated with the productions, XE's assets also include residuals and/or royalties from contracts assigned to it by loan out companies formerly operated by Debtors.

14.    On or about March 30, 2016, the Bankruptcy Court authorized the Trustee to operate the Business pursuant to Section 721 of the Bankruptcy Code. As the sole shareholder of XE, the Trustee has adopted resolutions appointing the Trustee as the sole director of XE's Board of Directors, and the President of XE.

15.    Pre-petition, a contract was entered into between XE and Woodridge Productions, Inc., an affiliate or division of Sony ("Woodbridge") which produced a television sitcom called "The Dr. Ken Show" ("Woodbridge Agreement"). Under the Woodbridge Agreement, XE agreed that Tisha would perform for The Dr. Ken Show, in consideration for payments to XE of approximately $45,000 per episode.

16.    Despite the existence and current operation of XE as a production and loan-out company, the Debtors' ownership of XE, Duane's position as an officer of XE, and the Woodbridge Agreement signed by XE and Tisha, on January 11, 2016, just 2 business days after the Debtors filed this case, Tisha created a new loan-out company called Won Hundred as a vehicle for rendering her acting services. There was never any written agreement between Woodbridge and Won Hundred for Tisha to perform on any program or show produced by Woodbridge including The Dr. Ken Show. The sole purpose of the creation of Won Hundred appears to be to divert the post-petition payments due under the Woodbridge Agreement to Won Hundred from XE.

17. After the Debtors filed their bankruptcy case, and although there was no agreement between Woodbridge and Won Hundred, the Debtors requested that Woodbridge issue all post-petition payments earned for Tisha's performances on The Dr. Ken Show to Won Hundred.

18. The Trustee is informed that, for the post-petition period of January 15-19, 2016, Woodbridge paid Won Hundred $47,500 gross, and $39,500 net (net of commissions due to Tisha's talent agency, Kohner Agency), for post-petition services ("Won Hundred Payment"). Won Hundred, and Tisha who owns and controls Won Hundred, apparently negotiated this check prior to notifying the Trustee of this payment.

19. Subsequent to this Won Hundred Payment, Trustee is informed that Woodbridge issued 4 or 5 additional payments for Tisha's performance on The Dr. Ken Show, with the checks made payable to XE. These payments were all being held by Kohner Agency, Tisha's talent agency. These payments, net of commissions which may be due to Kohner Agency, total approximately $185,000 ("XE Payments").

20. The Debtors and the Trustee disagree as to who owns the Won Hundred Payment and the XE Payments. The Debtors take the position that Won Hundred owns all of these funds, despite there being no contract between Woodbridge (as producer of The Dr. Ken Show) and Won Hundred. The Trustee takes the position that XE owns all of these funds, and as the operator of XE, the Trustee is entitled to receive these funds.

21. The Won Hundred Payment and the XE Payments are property of XE to which the Trustee is entitled to receive as the operator and owner of XE.

22. In addition, in order for the Trustee to operate the Business, Trustee requires that all assets of Business be turned over to the Trustee, including, without limitation, all of the cash in any XE bank account, all further post-petition payments which continue to be due and payable by Woodbridge under the Woodbridge Agreement; and other assets and property of the Business,

including books and records of the Business.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

23. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 22 of this Complaint as if set forth in full herein.

24. An actual dispute has arisen as to the extent, scope and nature of XE's interest in the Won Hundred Payment and the XE Payments.

25. As a result, Plaintiff requests a determination by this Court as to the extent, scope and nature of XE's interest in the Won Hundred Payment and the XE Payments.

## SECOND CLAIM FOR RELIEF

### (For Permanent Injunction)

26. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 25 of this Complaint as if set forth in full herein.

27. Plaintiff requests a permanent injunction enjoining the Defendants from spending, using, transferring, encumbering, or otherwise dissipating the Won Hundred Payment, XE Payments, and any other property or assets of XE until the rights and claims of the parties as to these properties are determined by the Court.

28. Plaintiff requests a permanent injunction ordering the Defendants to surrender and turnover to Plaintiff the Won Hundred Payment, XE Payments, and any other property or assets of XE until the rights and claims of the parties as to these properties are determined by the Court.

## THIRD CLAIM FOR RELIEF

### (For Damages)

29. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 28 of this Complaint as if set forth in full herein.

30. XE and Trustee have suffered damages as a result of the Defendants actions concerning the Won Hundred Payment and the XE Payments, as well as Defendants' intentional and malicious failure and refusal to surrender and turn over assets and property of XE and Defendants' intentional and malicious taking and conversion of assets and property of XE.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For a judgment with respect to the extent, scope and nature of XE's interest in the Won Hundred Payment and the XE Payments;

2. For permanent injunction as requested herein;

3. For award of damages in an amount to be determined at trial;

4. Awarding Plaintiff pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law; and

5. Providing such other and further relief as the Court deems just and proper.

DATED: April 8, 2016

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: *Monica Kim*
MONICA Y. KIM
Attorneys for Plaintiff
David K. Gottlieb, Chapter 7 Trustee

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **FIRST AMENDED COMPLAINT FOR: (A) DECLARATORY RELIEF; (B) PERMANENT INJUNCTION; AND (C) DAMAGES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 8, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 8, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | *Debtors*<br>**Duane Daniel Martin**<br>**Tisha Michelle Martin**<br>22401 Summitridge Cir<br>Chatsworth, CA 91311 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 8, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Via email to Counsel for Debtors: 'alan.forsley@flpllp.com'; 'Marc.lieberman@flpllp.com' on April 1, 2016

Via Attorney Service
The Honorable Victoria Kaufman
U.S. Bankruptcy Court
21041 Burbank Blvd., #312
Woodland Hills, CA 91367    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 8, 2016 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1:16-ap-01050-VK Notice will be electronically mailed to:**

Gustavo E Bravo on behalf of Defendant Won Hundred, Inc.
gbravo@smaha.com

Gustavo E Bravo on behalf of Defendant Duane Daniel Martin
gbravo@smaha.com

Gustavo E Bravo on behalf of Defendant Tisha Michelle Martin
gbravo@smaha.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@ecf.epiqsystems.com,rjohnson@dkgallc.com,akuras@dkgallc.com

Monica Y Kim on behalf of Plaintiff David K Gottlieb, Chapter 7 Trustee
myk@lnbrb.com, myk@ecf.inforuptcy.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov